FRANK CZARNECKI ET UX. *vs.* ESEDOR DERECKTOR.

Third Judicial District, Bridgeport, October Term, 1908.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

The exclusion of a question which is merely preliminary affords no ground of exception.

The parties were at issue as to whether the plaintiff's signature to a paper giving the defendant a right of way had been obtained by fraud and deceit. It appeared that the plaintiff's husband negotiated the agreement with the defendant, that it was then reduced to legal form and fully explained to the plaintiff by her attorney, whereupon she voluntarily signed it. *Held* that inasmuch as the instrument had thus become the free act and deed of the plaintiff herself, it was immaterial whether she had previously authorized her husband to negotiate the agreement or not, or whether he had told her what he had done.

Evidence offered to prove an immaterial issue should always be excluded.

Upon the cross-examination of one who claims to have been defrauded, evidence is admissible of his acts and conduct inconsistent with the truth or good faith of his present attitude and with his testimony in chief.

Questions asked merely for the purpose of rebutting or repelling a claim that is not made by the adverse party, are properly excluded.

Argued October 27th—decided December 18th, 1908.

ACTION for the cancellation of a writing creating a right of way, and for an injunction and damages, brought to the Superior Court in New Haven County and tried to the court, *Shumway, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

*Charles S. Hamilton* and *William C. Mueller,* for the appellants (plaintiffs).

*Robert C. Stoddard,* for the appellee (defendant).

THAYER, J. The only question between the parties upon the pleadings, was whether the defendant by fraud and deceit procured the plaintiff Anna Czarnecki to sign the writing which is made a part of the complaint. They owned adjoining lots situated on Veteran Street in the city of Meriden. The defendant's lot was south of the plaintiffs', and had a building upon it located near the boundary line between them. The plaintiffs' lot had a barn upon it in the rear, and a house in front so located that there was a vacant strip of land upon each side of it. Just prior to signing the writing, Anna Czarnecki had broken ground upon the strip south of her building for the foundation of a contemplated addition thereto, which, if constructed, would to some extent exclude the light and air from the north windows of the defendant's building. This being the situation, the allegation is that, having obtained from the plaintiffs an oral agreement that they would construct the addition upon the north side of their house, and have their

driveway and access to their premises on the south side so that light and air would not be excluded from the defendant's building, the latter caused the writing in question to be drawn up, and falsely and fraudulently represented and stated to the plaintiffs that said paper (which in fact purports to convey to the defendant a right of way ten feet wide over the plaintiffs' premises) was simply an agreement on the part of the plaintiff Anna Czarnecki that her driveway should be placed on the southerly side of her premises to thereby give the defendant the privilege of light and air to the windows on the northerly side of his building, and that the plaintiffs, being unable to read and understand the writing, and relying upon and being deceived and misled by said statements and misrepresentations, abstained from reading and obtaining a translation of the writing and signed the same; and that they never agreed nor intended to agree to grant the defendant a right of way over the premises.

The plaintiffs are foreigners, but have been in this country some years. The suit is brought in the interest of Anna Czarnecki, who is sole owner of the land affected by the writing in question. The court has found that both of the plaintiffs can understand and speak English, that the terms and conditions of the agreement were fully explained to Anna Czarnecki in the presence of her husband, and that she signed it voluntarily with full knowledge of the meaning and terms thereof. Thereafter she built an addition to her house upon the north side thereof and constructed a driveway upon the south side. The defendant, on the day the writing was signed, paid her $75, and later, at his own expense, caused the barn upon the rear of her lot to be moved as she directed, this being the consideration agreed upon.

The only errors assigned relate to the admission and rejection of evidence. Frank Czarnecki, one of the plaintiffs, was asked upon his examination in chief four questions,

which, upon objection, were excluded, the plaintiffs duly excepting. One of the questions was merely preliminary, and its exclusion affords no ground for exception. Two of the remaining ones were, in substance, whether his wife had ever authorized or permitted him to make an agreement with the defendant for a right of way across her land; and the other was whether he had ever communicated to her that the defendant had bargained for or was to have a right of way across the southerly side of her lot.

It appears in the record that the agreement for the change in the location of the addition, and for the right of way, was negotiated between this witness and the defendant, and that afterward both went to the plaintiffs' attorney to have it reduced to writing, and that both then stated it to him to be as it was afterward written. The witness, therefore, was not deceived or defrauded in the matter. If it were true that his wife had not previously authorized the making of such an agreement, and that the witness had not communicated to her that he had made it, these facts could not affect her act in personally executing the instrument voluntarily and with full knowledge of its contents. By that act it became her deed, and it was immaterial whether she had authorized the witness to make the agreement or not, or had knowledge that he had made it. There was an allegation in the complaint, denied in the answer, that she had never authorized any one to agree in her behalf for a right of way over her premises. The plaintiff claims that the rejected evidence was admissible to prove this allegation. But there was no claim that the writing was executed in her behalf either by the defendant or any third party. The issue thus raised was an immaterial one, and evidence when offered to prove such an issue is always properly rejected.

The same witness, upon cross-examination, was asked whether it was not true that months after the paper was signed he made demand upon the defendant to move the

Czarnecki v. Derecktor.

barn, because, as the witness claimed, it was occupying a part of the driveway, and whether this was not the only claim he had made concerning this agreement up to the commencement of the suit; and also whether he did not bring the suit on account of the barn not having been moved as he wanted it, and because he believed that the defendant was owner of the ten feet of land. The witness was permitted to answer these questions against the objection of the plaintiffs.

The questions were proper upon cross-examination, for the purpose of showing conduct on the part of the witness which was inconsistent with his claims and testimony in chief. The record shows that the plaintiffs claimed to have learned two or three days after the execution of the writing that it conveyed a right of way to the defendant. If, after he had knowledge of the contents of the writing and believed that it conveyed to the defendant an interest in the right of way, the witness for months made no claim that the writing misrepresented the bargain which had been made, but insisted upon the defendant performing his part of it, this would be conduct inconsistent with his present attitude that there was no bargain for a right of way and that the writing had been fraudulently obtained.

Upon his redirect examination the same witness, having testified that the defendant had said that he did not want a right of way, that he only wanted light and would put the barn where the witness wanted it, was asked whether he believed the defendant and whether, later, the witness learned that the defendant was claiming a right of way.

The questions were claimed to show that the witness had not, with knowledge of his rights and knowing how he had been swindled, acquiesced in the fraud. As there was no claim that he had acquiesced in a fraud, the evidence was properly rejected for the purpose for which it was claimed.

There is no error.

In this opinion the other judges concurred.